HONG YUN QIU, Leader, Ji Suang
Zhang, Rider, Petitioners,

v.

**BOARD OF IMMIGRATION
APPEALS, Respondent.**

No. 06–1377–ag.

United States Court of Appeals,
Second Circuit.

Nov. 6, 2006.

Gary J. Yerman, New York, New York, for Petitioners.

Catherine L. Hanaway, United States Attorney, Eastern District of Missouri, Thomas S. Rea, Assistant United States Attorney, St. Louis, Missouri, for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROBERT A. KATZMANN, Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Petitioners Hong Yun Qiu and Ji Suang Zhang (a/k/a/ Qi Xun Zhang), natives and citizens of the People's Republic of China, seek review of a March 2, 2006 order of the BIA affirming the October 26, 2004 decision of Immigration Judge ("IJ") Barbara A. Nelson denying the petitioners' applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Hong Yun Qiu,* No. A 96 390 150 (B.I.A. Mar. 2, 2006), *aff'g* No. A 96 390 150 (Immig. Ct. N.Y. City Oct. 26, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 59 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 159 (2d Cir.2004). This Court reviews

*de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir. 2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 158–60 (2d Cir. 2006) (agreeing with this principle, but deciding not to remand because it could be confidently predicted that the IJ would adhere to the original decision on remand).

The IJ erred in her decision in the following respects. First, the IJ found that Qiu's background material did not establish that "sisters of Falun Gong practitioners [we]re ... persecuted." However, Qiu claimed that she feared persecution not because her sister practiced Falun Gong, but because the Chinese authorities might believe that Qiu herself is a Falun Gong supporter because she hid her sister and lied to the police about her sister's whereabouts. *See Chun Gao v. Gonzales,* 424 F.3d 122, 129 (2d Cir.2005). In support of her claim, Qiu indicated that after she went into hiding, the police went to her house to ask about her and Hong Xian "several times." Thus, IJ Nelson should have considered whether Qiu was entitled to relief based on the possibility of persecution on account of "imputed political opinion," *i.e.,* support of the Falun Gong movement. *Id.*

■ Furthermore, the IJ mischaracterized the record by stating that Qiu failed to indicate on her written application that she "fear[ed] that she would be arrested," and that she disclosed this fear only during direct examination. Qiu did not state in her asylum application that she specifically feared being arrested upon her return to China. However, she did state in her application that: (1) she hid in "a remote riverside area" because she was afraid "that the police would come back and arrest [her]"; and (2) she left China because of this fear of arrest and because the police had returned to her house "several times" to ask about her. Qiu, therefore, properly disclosed her fear of arrest in her written application and substantial evidence does not support the IJ's finding in this regard.

■ Third, the IJ found it "unlikely that [Qiu] would be subject to arrest because of her sister's activities or because the sister lived with her at the mother-in-law's home for a month." A finding of implausibility must not be based on flawed reasoning or speculation. See e.g., Secaida–Rosales, 331 F.3d at 309–10; Pavlova v. INS, 441 F.3d 82, 88 (2d Cir.2006). Here, Qiu did not assert that she would be subject to arrest because of her sister's Falun Gong activities or because her sister stayed in Qiu's mother-in-law's home for a month. Instead, Qiu argued that she faced persecution for the actions she had taken to protect Hong Xian from Chinese authorities. Thus, the IJ erred in her implausibility finding because she failed to distinguish Qiu's claims of personal persecution based on her affirmative efforts to hide her sister from the persecution that her sister, Hong Xian, might suffer for practicing Falun Gong or her mother-in-law might suffer because Hong Xian lived in her home.

■ Finally, the IJ's observation that Qiu's mother-in-law had faced only harassment, and not persecution, "even though [Qiu's] sister was living in the mother-in-law's home," was beside the point. The record does not indicate that Qiu's mother-in-law resisted the officials to any extent. Therefore, the validity of Qiu's fear of persecution, on account of her resistance to the authorities on behalf of her sister, did not depend upon the level of harassment her mother-in-law faced. The IJ's observation does not support her finding that Qiu failed to establish past persecution or a well-founded fear of future persecution.

Due to the IJ's errors, this Court cannot state with confidence that the agency would reach the same result on remand. Li Hua Lin v. U.S. Dep't of Justice, 453 F.3d 99, 107–08 (2d Cir.2006). Qiu's asylum claim is remanded to the BIA for further proceedings. Because the agency's denial of Qiu's claims for withholding of removal and CAT relief rested on the same grounds that are insufficient to support its rejection of her asylum claim, those claims are also remanded for reconsideration.

Accordingly, Qiu and Zhang's petition for review is GRANTED. The BIA's decision is VACATED, and the case is REMANDED to the BIA for further proceedings consistent with this order. The pending motion for a stay of removal in this petition is DENIED.